IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RON LINTHICUM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1997-M-BD |
| | § | |
| DALLAS COUNTY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Dallas County has filed a motion for summary judgment in this federal civil rights action brought by Plaintiff Ron Linthicum, a Dallas County deputy constable. As best the court understands his constitutional claim, plaintiff appears to allege that he was "arbitrarily and capriciously" denied a step level promotion in violation of his due process right to receive the same pay as other deputy constables with the same number of years of service. (*See* Plf. Compl. at 2-4, ¶¶ 6-11, 12-15, 16-17; Def. MSJ at 2, ¶ 1). As a result of being paid at a lower step level, plaintiff alleges that defendant owes him $6,511.90 in back wages. (*Id.* at 3, ¶ 11).[1] Defendant now moves for summary judgment on the ground that, *inter alia*, plaintiff has not identified a policymaker with

---

[1] Defendant allegedly overpaid plaintiff between April 1, 1998 and December 20, 2002, due to an error in his step level classification. (*See* Plf. Compl. at 2, ¶ 7). To correct this overpayment, plaintiff was paid at a lower step level from December 27, 2002 until October 2, 2004. (*See id.* at 2, ¶ 7). Nowhere in his complaint does plaintiff dispute the propriety of this adjustment. Instead, plaintiff alleges only that he should have been promoted from Step 7 to Step 8 -- and been paid at a higher hourly rate -- effective October 1, 2005. (*See id.* at 2-3, ¶¶ 8-10). To the extent plaintiff now argues that there was no overpayment and that he was correctly paid between April 1, 1998 and December 20, 2002, (*see* Plf. MSJ Resp. at 1, 3 & Plf. MSJ Resp. App. at 1, ¶ 3), the court will not entertain this new claim made for the first time in his summary judgment response. *See United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 956 (S.D. Tex. 2007), *aff'd*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (party may not rely on new claim, raised only in response to motion for summary judgment, to defeat that motion).

knowledge of the allegedly unconstitutional policy, custom, or practice. The issues have been briefed by the parties, and the motion is ripe for determination.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

The gravamen of plaintiff's federal constitutional claim is that defendant acted "arbitrarily and capriciously" in classifying him at the incorrect step level for Dallas County deputy constables with the same number of years of service, thereby violating his right to procedural and substantive due process under the Fourteenth Amendment, (*see* Plf. Compl. at 3, ¶¶ 12-15), and depriving him of property without just compensation in violation of the Fifth and Fourteenth Amendments. (*See id.* at 3-4, ¶¶ 16-18). To establish municipal liability under 42 U.S.C. § 1983, plaintiff must prove three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Hampton Co. National Surety, LLC v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008), *citing Piotrowski v. City of Houston*, 237 F.3d 567, 578

(5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001). While isolated unconstitutional actions by municipal employees typically do not trigger liability, *see McKee v. City of Rockwall*, 877 F.2d 409, 415-16, (5th Cir. 1989), *cert. denied*, 110 S.Ct. 727 (1990), "[a] single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity." *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005), *quoting Brown v. Bryan County*, 67 F.3d 1174, 1183 (5th Cir. 1995). The critical inquiry is whether the policymaker had actual or constructive knowledge that a constitutional violation would likely result from the decision. *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003), *cert. denied sub nom. Burge v. Strain*, 124 S.Ct. 1074 (2004); *Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002).

Here, plaintiff makes no attempt to identify a final policymaker responsible for the alleged unconstitutional decision made the basis of this suit -- classifying plaintiff at the incorrect step level for Dallas County deputy constables. Without such evidence, plaintiff cannot prevail on his section 1983 claim. *See, e.g. Wright v. City of Houston*, No. H-08-2651, 2009 WL 2488125 at *2 (S.D. Tex. Aug. 7, 2009) (dismissing civil rights claim brought against municipality where plaintiff failed to identify final policymaker responsible for the alleged customs or policies at issue); *Winegarner v. City of Coppell*, No. 3-05-CV-1157-L, 2007 WL 1040877 at *6-7 (N.D. Tex. Apr. 5, 2007), *aff'd*, 275 Fed.Appx. 359, 2008 WL 1817825 (5th Cir. Apr. 23, 2008) (same); *Pivonka v. Collins*, No. 3-02-CV-0742-G, 2002 WL 1477455 at *4 (N.D. Tex. Jul. 5, 2002) (same).

## **RECOMMENDATION**

Defendant's motion for summary judgment [Doc. #10] should be granted. Counts 1 and 2 of Plaintiff's Original Complaint, asserting claims for federal civil rights violations under 42 U.S.C. § 1983, should be dismissed with prejudice. Because the court has dismissed plaintiff's federal

claims, it should decline to exercise supplemental jurisdiction over the state law claims alleged in Counts 3 and 4 of his complaint. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.")

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 8, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE