IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RON LINTHICUM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1997-M-BD |
| | § | |
| DALLAS COUNTY | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The United States Magistrate Judge made Findings, Conclusions and a Recommendation in this case. Plaintiff filed objections on March 21, 2011. In these objections, for the first time, Plaintiff asserts that "[t]he final policymaker was the County Commissioner's Court, which approved the recommendations of the County Auditor and Director of Personnel." (Plf. Obj. At 2). This argument fails to salvage Plaintiff's case for at least two reasons. First, Plaintiff has never before alleged that the Dallas County Commissioner's Court (the "Commissioner's Court") was the final policymaker responsible for the allegedly unconstitutional acts. To the contrary, the only time Plaintiff referenced the Commissioner's Court in any prior pleading, he asserted, in the context of a related state law claim, that the Commissioner's Court "never authorized" the allegedly unlawful acts. (*See* Plf. Compl. at 4, ¶ 20).[1] Because Plaintiff failed to raise the argument that the Commissioner's Court was the responsible policymaker before the Magistrate Judge, the district court need not consider it in its review of the Findings and Recommendation. *See Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge"), *citing*

---

[1] Defendant's failure to promote Plaintiff effectively deducted payments from his wages. Plaintiff characterizes the result of the failure to promote as a deduction of payments from his wages in order to plead his claim under the Texas Local Government Code, which establishes procedures governing payroll deductions. *See* Plf. Compl. at 4, ¶ 20, *citing* TEX. LOC. GOV'T CODE ¶ 155.001).

*Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1128 (1995); *see also Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 n.27 (5th Cir. 1999).

Even if the court considers the Commissioner's Court as the required policymaker for section 1983 purposes, the record is devoid of evidence indicating that the Commissioner's Court, or any of its members, knew or should have known that Plaintiff was being denied promotions. The only evidence that even remotely implicates the Commissioner's Court is an exhibit to Plaintiff's summary judgment response stamped "APPROVED" by the Commissioner's Court. (Plf. MSJ Resp. at Exh. A). Not only does this 1999 document predate the period during which Plaintiff was allegedly misclassified by more than five years, (*compare* Plf. MSJ Resp. at Exh. A *with* Plf. Compl. at 2, ¶¶ 8-10), but also, according to Plaintiff, it reflects the *proper* amount that he should have been paid. (*See* Plf. Obj. at 2 ("Defendant's spreadsheet exhibit, however, indicated that Plaintiff was only paid $3,219.00 per month instead of the higher amount indicated in the document [stamped "Approved" by the Commissioner's Court].")). Thus, the only evidence that the Commissioner's Court was involved in determining Plaintiff's pay suggests that the Commissioner's Court approved the *correct* salary. Given Plaintiff's failure to present any evidence showing that the Commissioner's Court knew or should have know that Plaintiff was allegedly not promoted to the appropriate step level, Defendant is entitled to summary judgment in its favor. *See McGregory v. City of Jackson*, 335 Fed.Appx. 446, 449-50, 2009 WL 1833958 at *3 (5th Cir. Jun. 26, 2009) (affirming summary judgment in favor of municipality where Plaintiff failed to present evidence that belatedly-identified policymaker had actual or constructive knowledge of allegedly unconstitutional acts).[2]

Having made a *de novo* review of those portions of the proposed findings and

---

[2] At the conclusion of his objections, Plaintiff states that he "identified the County's Director of Personnel and the County Auditor as final policymakers who approved his salary at the proposed level." (Plf. Obj. at 4). To the extent, if any, that Plaintiff is asserting that these individuals are final policymakers for the purpose of establishing section 1983 liability, the Court notes that Plaintiff also failed to identify them as such in any prior pleadings before the court. Moreover, the only available evidence indicates that the Director of Personnel and County Auditor approved salaries that Plaintiff contends were at the correct level in 1999 and 2001. (*See* Plf. MSJ Resp. at Exhs. A & B; Plf. Obj. at 2). Again, as Plaintiff has submitted no evidence to suggest that either the County's Director of Personnel or the County Auditor was aware or should have been aware that he was improperly classified beginning in 2005, summary judgment in favor of Defendant is appropriate. *See McGregory*, 335 Fed.Appx. at 449-50, 2009 WL 1833958 at *3.

recommendation to which objection was made, this Court overrules the objections and ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

SO ORDERED this 23rd day of May, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS